IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-136-D
No. 5:08-CV-425-D

| | | |
|---|---|---|
| KEVIN L. GEDDINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 20, 2006, Kevin L. Geddings ("Geddings") went to trial accused of five counts of honest services mail fraud (counts 1–5) and three counts of honest services wire fraud (counts 6, 7, and 9) arising from his service as a North Carolina Lottery Commissioner. Before trial, this court rejected Geddings' due process challenge under the vagueness doctrine to 18 U.S.C. § 1346. See United States v. Geddings, No. 5:06-CR-136-D, 2006 WL 4877548, at * 3–4 (E.D.N.C. Sept. 6, 2006). On October 12, 2006, a jury convicted Geddings of five counts of honest services mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341, 1346, and 2. On May 7, 2007, the court sentenced Geddings to 48 months' imprisonment. See United States v. Geddings, 497 F. Supp. 2d 729, 731 (E.D.N.C. 2007); United States v. Geddings, No. 5:06-CR-136-D (E.D.N.C. May 7, 2007) (unpublished) (sentencing order). Geddings appealed his conviction and sentence. On appeal, Geddings challenged his conviction under 18 U.S.C. § 1346 as violating due process under the vagueness doctrine. On May 19, 2008, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Geddings, 278 Fed. Appx. 281, 288 (4th Cir. 2008) (unpublished). The Fourth Circuit rejected

Geddings' due process challenge under the vagueness doctrine to 18 U.S.C. § 1346. See id. at 287 n.8. On October 14, 2008, the United States Supreme Court denied certiorari. See Geddings v. United States, 129 S. Ct. 435 (2008).

On August 25, 2008, Geddings filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") [D.E. 127]. On May 15, 2009, the court denied the motion [D.E. 140].

Geddings remains incarcerated. See Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 24, 2010). On June 24, 2010, the Supreme Court of the United States decided Skilling v. United States, No. 08-1394 (U.S. June 24, 2010), and Black v. United States, No. 08-876 (U.S. June 24, 2010). In each case, the Supreme Court held that 18 U.S.C. § 1346 "criminalizes only the bribe-and-kickback core of the pre-McNally case law." Skilling, slip. op. at 45; Black, slip-op. at 5 ("We decided in Skilling that § 1346, properly confined, criminalizes only schemes to defraud that involve bribes or kickbacks."). Geddings was not convicted under a bribe or kickback theory at trial. Rather, Geddings was convicted under the undisclosed-self-dealing theory that the Supreme Court expressly rejected in Skilling. See Skilling, slip. op. at 45–47.

Not later than June 29, 2010, the United States shall submit a memorandum of law addressing whether this court should grant relief to Geddings under 28 U.S.C. § 2255 or 28 U.S.C. § 1651. The memorandum also shall address whether this court should revisit Geddings' petition under 28 U.S.C. § 2255 pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Finally, the memorandum also shall address the topic of actual innocence under Bousley v. United States, 523 U.S. 614, 623–24 (1998).

SO ORDERED. This 24 day of June 2010.

                                               JAMES C. DEVER III
                                               United States District Judge