IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-136-D
No. 5:08-CV-425-D

| | | |
|---|---|---|
| KEVIN L. GEDDINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 20, 2006, Kevin L. Geddings ("Geddings") went to trial accused of five counts of honest services mail fraud (counts 1–5) and three counts of honest services wire fraud (counts 6, 7, and 9) arising from his service as a North Carolina Lottery Commissioner. Before trial, this court rejected Geddings' due process challenge under the vagueness doctrine to 18 U.S.C. § 1346. See United States v. Geddings, No. 5:06-CR-136-D, 2006 WL 4877548, at *3–4 (E.D.N.C. Sept. 6, 2006). On October 12, 2006, a jury convicted Geddings of five counts of honest services mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341, 1346, and 2. On May 7, 2007, the court sentenced Geddings to 48 months' imprisonment. See United States v. Geddings, 497 F. Supp. 2d 729, 731 (E.D.N.C. 2007); United States v. Geddings, No. 5:06-CR-136-D (E.D.N.C. May 7, 2007) (unpublished) (sentencing order). Geddings appealed his conviction and sentence. On appeal, Geddings challenged his conviction under 18 U.S.C. § 1346 as violating due process under the vagueness doctrine. On May 19, 2008, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Geddings, 278 Fed. Appx. 281, 288 (4th Cir. 2008) (unpublished). The Fourth Circuit rejected

Geddings' due process challenge under the vagueness doctrine to 18 U.S.C. § 1346. See id. at 287 n.8. On October 14, 2008, the United States Supreme Court denied certiorari. See Geddings v. United States, 129 S. Ct. 435 (2008).

On August 25, 2008, Geddings filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") [D.E. 127]. On May 15, 2009, the court denied the motion [D.E. 140].

Geddings remains incarcerated. See Fed. Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited June 29, 2010). On June 24, 2010, the Supreme Court of the United States decided Skilling v. United States, No. 08-1394, 2010 WL 2518587 (U.S. June 24, 2010), and Black v. United States, No. 08-876, 2010 WL 2518593 (U.S. June 24, 2010). In each case, the Supreme Court held that 18 U.S.C. § 1346 "criminalizes only the bribe-and-kickback core of the pre-McNally case law." Skilling, 2010 WL 2518587, at *28; Black, 2010 WL 2518593 at *4 ("We decided in Skilling that § 1346, properly confined, criminalizes only schemes to defraud that involve bribes or kickbacks."). Geddings was not convicted under a bribe or kickback theory at trial. Rather, Geddings was convicted under the undisclosed-self-dealing theory that the Supreme Court expressly rejected in Skilling. See Skilling, 2010 WL 2518587, at *28.

On June 24, 2010, the court ordered the United States to submit a memorandum of law not later than June 29, 2010, addressing whether this court should grant post-conviction relief to Geddings [D.E. 142]. On June 29, 2010, the United States submitted a memorandum acknowledging that under Skilling:

> it is no longer a federal crime for state public officials to corrupt their public offices by engaging in undisclosed self-dealing. The new interpretation of Section

2

1346 does not cover the undisclosed self-dealing that Geddings committed in connection with his service as a North Carolina Lottery Commissioner. Consequently, the Government concedes that Geddings is entitled to have his conviction vacated.

Govt. Mem. 1. The government also contends that Geddings is not entitled to relief under 28 U.S.C. § 2255 or 28 U.S.C. § 1651, but is entitled to relief under 28 U.S.C. § 2241. See id. at 2, 10–12 (citing In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)). The government moves the court "to release Geddings, as soon a practicable, pending the resolution of the Section 2241 process." Govt. Mem. 2, 12–13.

On June 29, 2010, Geddings responded in support of the government's position concerning 28 U.S.C. § 2241 and in support of his release pending resolution of proceedings under 28 U.S.C. § 2241 [D.E. 147].

The court has the authority to release a prisoner on recognizance pending the resolution of a post-conviction motion filed under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. See United States v. Eliely, 276 Fed. Appx. 270, 270–71 (4th Cir. 2008) (per curiam) (unpublished) (collecting cases); see also 18 U.S.C. § 3145(b). In order to obtain release on bail pending consideration of a post-conviction motion under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, a prisoner must show a substantial constitutional claim on "which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." Eliely, 276 Fed. Appx. at 270. In light of the government's concession that Geddings is entitled to have his conviction vacated under 28 U.S.C. § 2241 due to Skilling, Geddings has met that standard. Accordingly, the court hereby GRANTS the government's motion to release Geddings on recognizance pending the resolution of his section 2241 proceedings. The court ORDERS the Clerk of Court to serve a copy of this order on the Warden at FCI Jesup via facsimile or other

3

electronic means. The Warden at FCI Jesup is DIRECTED to release Geddings from imprisonment immediately. Geddings is DIRECTED to report to the U.S. Probation Office in the Eastern District of North Carolina. Geddings will be supervised by the U.S. Probation Office in the Eastern District of North Carolina pending final disposition of his petition under 28 U.S.C. § 2241.

SO ORDERED. This 29 day of June 2010.

JAMES C. DEVER III
United States District Judge

4